# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, § § § Plaintiff, § § vs. § § DEWEY V. WILES and FUTURES § EXCHANGE COMPANY, INC. § § Defendants. § § | Civil Case No. 3:02-CV-0951 |

## (Proposed) SUPPLEMENTAL ORDER CONCERNING RESTITUTION AND CIVIL MONETARY PENALTIES AGAINST FUTURES EXCHANGE COMPANY, INC.

This matter is before the Court on the Plaintiff Commodity Futures Trading Commission's ("Commission") proposal for remedies and sanctions as to Defendant Futures Exchange Company, Inc. ("FEC"), which was filed on November 15, 2002 in accordance with this Court's October 16, 2002 entry of a Permanent Injunction and Entry of Final Judgment by Default Against Defendant FEC. The Court, having considered the Commission's proposal, any response thereto, the entire record herein, and being fully advised in the premises, finds there is good cause for the entry of this Order.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

    A.    Plaintiff Commission is awarded judgment against defendant FEC for restitution of customer funds in the amount of $379,301.62 ("Restitution Obligation"), which includes a principal amount of $369,374.50 plus prejudgment interest in the

amount of $9,927.12 as of October 16, 2002. Post-judgment interest shall accrue on the Restitution Obligation at the rate of 1.46%, pursuant to 28 U.S.C. § 1961.

B.  Defendant FEC shall pay the Restitution Obligation set forth above in Paragraph A to the National Futures Association ("NFA"), which shall be designated as Monitor for the purpose of distributing any funds paid as restitution, for the period beginning with the date of entry of this Order and continuing until distribution of the complete Restitution Obligation called for by this Order. The Commission will provide the Monitor with a list of persons, identified in Attachment A to the Commission's November 15, 2002 proposal, to whom restitution shall be made ("Investors"). Omission from that Attachment A shall in no way limit the ability of any investor from seeking recovery from Defendant FEC or any other person or entity. Further, the amounts contained in that Attachment A shall not limit the ability of any investor from proving that a greater amount is owed from FEC or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law. Upon the receipt by the NFA of any funds paid as restitution pursuant to this Order, the NFA shall notify the Commission of the receipt of any such funds. Within 30 days of any such written notice, the Commission shall submit to the Court a proposed plan for the distribution of such funds.

C. Plaintiff Commission is further awarded judgment against Defendant FEC for a civil monetary penalty in the amount of $646,278.96. Further, Defendant FEC shall pay post-judgment interest on the civil monetary penalty amount thereon from the date of

this Order until the civil monetary penalty amount is paid in full at the rate of 1.46%, pursuant to 28 U.S.C. § 1961.

D. Defendant shall submit payment of the civil monetary penalty to the Commodity Futures Trading Commission, Division of Enforcement, 1155 21st Street, N.W., Washington, D.C. 20581 to the attention of Ms. Dennese Posey. Payment must be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission. The payment(s) shall include a cover letter that identifies the Defendant and the name and docket number of this proceeding. The paying Defendant shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

E. If any provision of this Order, or the application of any provision or circumstance, is held invalid, the remainder of the Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

F. Copies of this Order may be served by any means, including facsimile transmission, upon any financial institution, or any other entity or person that may have possession, custody or control of any documents or assets of any Defendant that may be subject to any provision of this Order.

G. Within seven (7) days after the entry of this Order of the Court Defendant shall serve upon the Commission a signed acknowledgement that he or it has been served with the Order.

H. Defendant FEC shall serve any notices or materials required by this Order, and any applicable notices required by the Federal Rules of Civil Procedure, upon the Commission by delivering a copy to Peter Haas and Ghassan Hitti, Trial Attorneys, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581.

I. Defendant FEC shall submit restitution payments to the Monitor at the following address, The National Futures Association, Attention: Daniel A. Driscoll, 200 W. Madison Street, Chicago, IL 60606.

J. This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of the Court.

K. All aspects of the Court's Permanent Injunction And Entry of Final Judgment By Default Against FEC in this matter remain in full force and effect, unless specifically lifted or altered in this Order or any subsequent Order of this Court.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order.

**DONE AND ORDERED** at Dallas, Texas on this 27th day of July, ~~2005~~ 2003.

_____
A. Joe Fish
Chief United States District Judge

Copies furnished:

Ghassan Hitti, Esq.
For Plaintiff

Dewey V. Wiles, *pro se*
For Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION



FILED
OCT 16 2002
CLERK, U.S. DISTRICT COURT
Deputy

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DEWEY V. WILES and FUTURES EXCHANGE COMPANY, INC.<br><br>Defendants. | Civil Case No. 3:02-CV-0951-G<br><br>PERMANENT INJUNCTION AND ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT FUTURES EXCHANGE COMPANY, INC. |



ENTERED
OCT 17 2002
USDC

This matter is before the Court upon the Plaintiff Commodity Futures Trading Commission's ("Commission") Motion For Order of Permanent Injunction and Entry of Final Judgment By Default Against Defendant Futures Exchange Company, Inc.

On May 16, 2002, Defendants Wiles and FEC were duly served with a copy of the summons and Complaint. Defendant Dewey V. Wiles, appearing <u>pro se</u>, filed an Answer to the complaint on behalf of himself and Defendant Futures Exchange Company, Inc. ("FEC"). On June 19, 2002, the Court entered a Consent Order of Preliminary Injunction. On June 28, 2002, the Court entered a further Order of Preliminary Injunction. On June 26, 2002 the Court entered an Order Establishing Schedule and Certain Pretrial Requirements. On September 27, 2002, the Plaintiff filed a Motion for Summary Judgment or Partial Summary Judgment Against All Defendants. The Defendant FEC has, as of yet, failed to file a Notice of Appearance by counsel of record.

The Commission has now submitted a Motion For Order of Permanent Injunction and Entry of Final Judgment By Default Against Defendant Futures Exchange Company, Inc., pursuant to Federal Rules of Civil Procedure 55(b). The Court has carefully considered the Complaint, the aforementioned Motion

and other written submissions of the Commission filed with the Court, and all oppositions thereto, and being fully advised in the premises, hereby

**GRANTS** the Commission's Motion For Order of Permanent Injunction and Entry of Final Judgment By Default Against Defendant Futures Exchange Company, Inc. and enters findings of fact and conclusions of law finding FEC liable as to all violations as alleged in the Complaint. The Findings of Fact and Conclusions of Law are incorporated herein by reference. Accordingly, the Court now issues the following Order of Permanent Injunction and Entry of Final Judgment By Default Against Defendant Futures Exchange Company, Inc. on the issues of liability and orders further submissions as to the issues of appropriate civil monetary penalties, restitution and disgorgement.

**THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and FEC pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1, in that Defendant FEC is found in, inhabit and transacted business in the Northern District of Texas, and the acts and practices in violation of the Act occurred within this district, among other places.

I.

**ORDER FOR PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

A.  Defendant FEC is permanently enjoined and restrained from, directly or indirectly:

1. violating Section 4b(a) of the Act, 7 U.S.C. § 6b(a) (2001) by, in or in connection with orders to make, or the making of, contracts of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contracts for future delivery were or could be used for the purposes set forth in Section 4b(a) of the Act, 7 U.S.C. § 6b(a) (2001), is permanently restrained and enjoined by:

   (A) cheating or defrauding or attempting to cheat or defraud other persons;

   (B) willfully making or causing to be made to other persons false reports or statements thereof, or willfully entering or causing to be entered for other persons false records thereof; and

   (C) willfully deceiving or attempting to deceive other persons by any means whatsoever; and

2. violating Section 4o(1) of the Act, 7 U.S.C. § 6o(1)(2001), insofar as FEC is acting as commodity trading advisor or associated persons of a commodity trading advisor, by:

   a. employing devices, schemes or artifices to defraud any client or participant or prospective client or participant; or

   b. engaging in transactions, practices or course of business that operate as a fraud or deceit upon any client or participant or prospective client or participant including, but not limited to, making the following prohibited representations, in these or similar words:

3

      i. Defendant's trading technique has produced profitable results; and

      ii. Defendant guarantees at least a one hundred (100) per cent return from the profits of futures trading performed on behalf of customers.

3. violating Section 4m(1) of the Act, 7 U.S.C. § 6m(1)(2001) by acting as a commodity trading advisor without registration as such; and

**B. IT IS FURTHER ORDERED** that Defendant FEC, and any other person, insofar as he or she is acting in the capacity of officer, agent, servant, employer, or attorney of Defendant FEC, and any person insofar as he or she is acting in active concert or participation with Defendants and receives actual notice of this Order by personal service or otherwise, is permanently enjoined, restrained and prohibited from directly or indirectly:

1. trading on or subject to the rules of any registered entity as that term is defined by Section 1(a)(29) of the Act, as amended, 7 U.S.C. § 1a(29)(2001);

2. soliciting, receiving, or accepting any funds in connection with the purchase or sale of any commodity futures contract or option on a futures contract;

3. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, directly or indirectly, whether by power of attorney or otherwise;

4. applying for registration or seeking exemption from registration with the Commission in any capacity, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9)(2001), and engaging in any activity requiring such registration or exemption from registration, except as provided for in

Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2001), or acting as a principal, agent, officer or employee of any person registered, required to be registered, or exempted from registration, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2001). This prohibition includes, but is not limited to soliciting, accepting, or receiving any funds, revenue, or other property from any person, giving advice for compensation, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts, except as provided for in regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9)(2001).

5. filing a petition in bankruptcy without providing this Court and the Commission with prompt notice by Certified Mail of such filing.

The injunctive provisions of this Order shall be binding upon Defendant FEC, any person insofar as he or she is acting in the capacity of officer, agent, servant, employer, or attorney of Defendant FEC, and any person insofar as he or she is acting in active concert or participation with Defendant FEC who receives actual notice of this Order.

*Monetary Judgment*

**II.**

**IT IS FURTHER ORDERED** that judgment for civil monetary penalties, restitution and disgorgement is entered in favor of the Commission and against Defendant FEC, and that the Commission shall, within **thirty (30) days of the date of this Order,** submit to the Court and defendants a final proposal for the amounts of civil monetary penalties, restitution and disgorgement to be awarded, and identifying the mechanism by which restitution will be distributed to injured customers. The Commission may, on or before that date, submit to the

Court additional evidence solely as to those issues. On the same date, the Commission shall also present the Court with a Proposed Order of Judgment on Civil Monetary Penalties, Restitution and Disgorgement as to Defendants. It is further Ordered that the Defendant may in turn submit evidence as well, solely on the issue of civil monetary penalties, restitution and disgorgement, no later than ten (10) days after service by the Commission.

**IT IS FURTHER ORDERED** any funds provided by Defendant FEC shall be applied first to any restitution amount ordered by the Court. Any amounts available for payment after restitution has been satisfied shall be applied to satisfy any civil monetary penalties ordered by the Court.

*Asset Freeze*

### III.

**IT IS FURTHER ORDERED** that the asset freeze pursuant to this Court's Order of Preliminary Injunction shall remain in full force and effect until further Order of this Court on the question of the sum of restitution, disgorgement and civil monetary penalties.

### IV.

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon it, Defendant FEC, along with any of its agents, servants, employees or assigns and persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, shall immediately or within such time as permitted by the Commission in writing, deliver over to the Commission:

A. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Defendant FEC;

B. Possession and custody of documents of Defendant FEC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly

statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all assets belonging to members of the public now held by Defendant FEC;

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of Defendant FEC, including but not limited to, access to Defendant FEC's business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties or other assets or obligations of Defendants FEC.

## *Accounting*

## V.

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, Defendant FEC shall, if it has not done so already:

A. Provide counsel for the Commission with a full accounting of all assets and liabilities of Defendant FEC by completing, signing, and serving on the Commission and the Receiver the "Financial Disclosure Statement" (CFTC Form 13) attached to this Order;

B. Provide counsel for the Commission with a full accounting of all funds, documents, and assets held outside of the United States which are (1) titled in the name individually or jointly of such Defendant; or (2) held by any person or entity for the benefit of the Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly;

C. Transfer to the territory of the United States and deliver to the Court all funds, documents, and assets located in foreign countries which are (1) titled in the name individually or jointly of such Defendant; or (2) held by any person or

7

entity for the benefit of any Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly; and

D. Provide counsel for the Commission access to all records of accounts or assets of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

## VI.

**IT IS FURTHER ORDERED** that all banks, brokers, savings and loans, escrow agent, title companies, trusts, broker-dealers, other financial institutions or any other persons or entities which are served with a copy of this Order shall cooperate with all reasonable requests of the Commission relating to implementation of this Order.

### *Maintenance of and Access to Records*

## VII.

**IT IS HEREBY ORDERED** that Defendant FEC and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendant FEC.

## VIII.

**IT IS FURTHER ORDERED** that representatives of the Commission immediately be allowed to inspect the books, records, and other documents of Defendant FEC and its agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant FEC or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

*Service of Order*

### IX.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant that may be subject to any provision of this Order.

### X.

**IT IS FURTHER ORDERED** that within seven (7) days after entry of this Order of the Court that Defendant FEC shall serve on the Commission a signed acknowledgement that it has been served with the Order.

*Service on the Commission*

### XI.

**IT IS FURTHER ORDERED** that Defendant FEC shall serve all notices required by this Order, and other materials on the Commission by delivering a copy to Michael Solinsky, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

### XII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action, and of any ancillary or supplemental actions hereto, in order to, among other things, implement and carry out the terms of all orders, judgments, and decrees that may be entered herein, including those that may be necessary to assure compliance with this Order of Permanent Injunction and Entry of Final

9

Judgment By Default Against Defendant Futures Exchange Company, Inc.

**SO ORDERED**, at Dallas, Texas on this __16__ day of __October__, 2002.

_____
A. Joe Fish
Chief United States District Judge